UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

ROBERT J. ZYSK and IRENE ZYSK,
his wife,

      **ORDER**

    Plaintiffs,

      03-CV-4334 (DRH)(ARL)

 -against-

JOHN WAYNE SMITH,

    Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**Appearances:**

**Robert J. Zysk, Esq.**
Attorney for Plaintiffs
629 Route 112, Suite #2
Patchogue, New York 11772

**John Wayne Smith**
Defendant Pro Se
120 Jefferson Avenue, Apt. 2
Bennington, Vermont 05201

**HURLEY, Senior District Judge**:

  Presently before the Court is plaintiffs' motion for judgment pursuant to Rules 12(f), 26(2)(a)[sic], 37(b)(2), and 55(b)(2) of the Federal Rules of Civil Procedure. The motion is denied in its entirety.

  The motion pursuant to Rule 12(f) is untimely. That Rule provides that a motion to strike shall be "made by a party within 20 days after the service of the pleading upon the party . . . ." As noted in this Court's Order, dated September 30, 2004, defendant, who is proceeding pro se, filed a letter on December 24, 2003 which he framed as his answer to the complaint.

The motion pursuant to Rule 26 is denied. Plaintiffs claim they are entitled to relief because defendant has "failed to provide any discovery whatsoever in this action for a period of two years" and has "failed to obey this Court's Order to account for the Trust Funds paid to him . . . ." (Brief of Plaintiffs In Support of Motion ("Plaintiffs' Mem.") at 7.) Plaintiffs have failed to specify any discovery requests that were served upon defendant and for which no response was received. Moreover, the defendant did, in fact, respond to this Court's Order to account. *See* Docket Entry Nos. 12 and 17.

The motion for default judgment pursuant to Rule 55 is denied. By Order dated September 30, 2004, this Court denied a prior motion for a default judgment. On November 15, 2004, the Court denied reconsideration of its September 30, 2004 Order. Nothing presented in the current application warrants entry of a default judgment.

Plaintiff's motion papers contain a request that this Court "arraign defendant . . . on a charge of violation of New York Lien Law Sections 70 through 79 and New York Penal Law . . . ." (Plaintiff's Mem at p. 8.) The request is denied as beyond the jurisdiction of this Court.

SO ORDERED.

Dated: Central Islip, New York
December 20, 2006

/s/
Denis R. Hurley
Senior District Judge