UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

ROBERT J. ZYSK and  IRENE ZYSK,
his wife,

                      **MEMORANDUM & ORDER**

           Plaintiffs           03-CV-4334 (DRH)(ARL)

     -against-

JOHN WAYNE SMITH,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**Appearances:**

**Robert J. Zysk, Esq.**
Attorney for Plaintiffs
629 Route 112, Suite #2
Patchogue, New York 11772

**John Wayne Smith**
Defendant Pro Se
15759 State Highway #53
Tempo, Texas 76501

**HURLEY, Senior District Judge**:

       Plaintiffs Robert J. Zysk and Irene Zysk ("Plaintiffs" or "Zysks") commenced this action asserting claims of breach of contract, diversion of  lien law trust assets, fraud, violation of N.Y. General Business Law §§ 349 and 770 et seq., intentional infliction of emotional distress, and prima facie tort.  Presently before the Court is plaintiffs' unopposed motion (1) pursuant to  Fed. R. Civ. P. 37(a) and (b) for contempt, and (2) to "confirm the Parties' Choice of Law in the subject contract."   For the reasons set forth below the motion is denied.

<u>**Background**</u>

       This action arises out of a contract (the "Contract") entered into between the Zysks and Defendant John Wayne Smith ("Smith" or "Defendant") concerning the construction of a single

family dwelling by Smith upon land owned by the Zysks in Bennington, Vermont. According to

the allegations in the complaint, Defendants paid Smith $97,400.00 but he "failed and refused to

perform the contract all the while making further false and fraudulent representations to the

Plaintiff that he was proceeding with construction." (Compl. ¶¶ 20-21.)

Relevant for present purposes is the following contractual provision:

> **LAW GOVERNING:** The provisions of this contract shall
> be governed by the laws of the State of New York, except where
> the Laws of the State of Vermont are specified in this contract,
> only and any dispute, if brought to Court, must be brought in a
> Court of the State of New York located in the County of Suffolk,
> State of New York. [1]

Contract ¶21.[2]

## Discussion

**I.    The Motion for Contempt**

In support of their motion for contempt, Plaintiffs put forth the following "facts"

> The said defendant JOHN WAYNE SMITH has, for seven
> (7) years, wilfully failed to comply with the Order to account, of
> this Honorable Court, made from the bench on October 16th 2003
> . . . directing and Order[ing] said defendant to ACCOUNT and
> supply an accounting to this Court and to Plaintiff, for the Trust
> Fund monies which were paid to defendant SMITH, by plaintiffs in
> connection with his written engagement to construct a single
> family house/dwelling for the plaintiffs, and
> . . . Defendant, JOHN WAYNE SMITH has failed to
> provide any discovery required by FRCP Rule 26(a), to the
> plaintiffs, for a period exceeding seven (7) years, during this
> litigation.

---

[1] This Court, as a federal district court, is not a "Court of the State of New York."
Nonetheless given (a) that neither party has referenced the choice of court provision, and (b) the
provision does not implicate subject matter jurisdiction, the case will continue here as scheduled.

[2] The Contract is Exhibit A to the Complaint.

> . . . the Plaintiffs, in good faith, have conferred with
> defendant, and made known to the Magistrate Judge, at each and
> every conference and appearance in this action over the last seven
> (7) years, of defendant John Wayne Smith's failure to provide any
> discovery and his failure to comply with this Court's Order to
> Account dated October 16, 2003, in an effort to obtain same
> without further Court action, all to no avail.

Aff. of Robert J. Zysk in Support of Motion ¶¶ 2, 3 (capitalization in original).

Plaintiffs do not address, however, the fact that on June 25, 2006 they filed a motion

seeking dismissal of defendants' answer "pursuant to FRCP 55(b)92), FRCP 12(f), FRCP 37b(2)

and FRCP 37(c) by reason of," inter alia, "defendants failure to comply with the Order of this

Honorable Court from the bench on October 28, 2003 whereby defendant was directed and

ordered to supply an accounting for the Trust Funds which are the subject of this action . . . and

"[f]urther by reason of said defendant's failure to provide any discovery to the plaintiffs for a

period exceeding two years . . . ." (Dkt. No. 45 at 1-2.) That motion was denied in its entirety by

Order dated December 12, 2006, the Court stating in relevant part: "Plaintiffs have failed to

specify any discovery requests that were served upon defendant and for which no response was

received. Moreover defendant did, in fact, respond to this Court's Order to account, *see* Docket

Entry Nos. 12 and 17." (Order dated Dec. 20 2006 (Dkt. No. 50) at 2.)

The current motion is denied. To the extent Plaintiffs seek an Order of contempt based

on the alleged failure to comply with this Court's October 28, 2003 Order, a finding of contempt

is inappropriate where, as here, the Court has previously held that the Defendant has indeed

complied with its October 28, 2003 Order. To the extent that Plaintiffs seek a contempt Order

for defendant's failure to provide the disclosures required by Rule 26(a), it was incumbent upon

Plaintiffs to make a motion to compel such disclosure under Fed. R. Civ. P. 37(a)(3) before

seeking the sanction of contempt.  Moreover, defendant is proceeding pro se and presumably

unfamiliar with the disclosure requirements of Rule 26(a). There is no indication in Plaintiffs'

papers that they ever advised Defendant in writing of the disclosure requirement contained in

Rule 26(a).[3]  Given these circumstances, a finding of contempt is inappropriate.

## II.      Choice of Law

Relying upon the choice of law provision contained in section 21 of the Contract

Plaintiffs maintain that New York's Lien Law applies to this present dispute.  Plaintiff's position

is foreclosed by *Allied Thermal Corp. v. James Talcott, Inc.*, 3 N.Y.302, 165 N.Y.S.2d 91 (1957)

and  *Carrier Corp. v. J.E. Schecter Corp.*, 347 F.2d 153 (2d Cir. 1965).

In *Allied Thermal*, the question before the New York Court of Appeals was whether a

materials supplier could use the provisions of the New York Lien Law to force subcontractor to

account for fund received by the subcontractor for supplying material to a premises in

Pennsylvania.  The Court held that it could not:

> The phrase: "for the improvement of real property" which we are
> here construing in section 36-b recurs over and over throughout
> these sections. In no place is "New York State" mentioned but in
> no place  is there any doubt that New York State alone is intended.
> . . .
>           The purpose of section 36-b of the Lien Law is precisely
> the same as that of all the other sections in articles 2, 3 and 3-A of
> that law, that is, to provide special protection for those whose
> services and materials enhance the value of real property. Since
> that is the general purpose of all these enactments there seems no
> reason to single out section 36-b as having to do with the
> improvement of real property in some other State.
>           Other States including Pennsylvania (see

---

[3]  The Court notes that the affidavit submitted in support of Plaintiffs' motion asserts that
"Plaintiffs, in good faith, have conferred with defendant . . . [regarding the] failure to provide any
discovery . . . ."  However, no specifics are provided.

> Martindale-Hubbell, Lawyers' Directory, Vol. III, Digest of
> Pennsylvania Laws, under heading "Mechanics Liens") have their
> own peculiar systems of statutory protections for materialmen and
> laborers. Only confusion could result from applying one part of a
> particular State's statutory system to a real property improvement
> situated in another State where the local statutory scheme is quite
> different.

3 N.Y.2d at 303-04.[4]

In *Carrier Corp.*, the Second Circuit, relying upon *Allied Thermal*, refused to apply the

New York Lien law to impress a trust on funds acquired as a result of improvement to property in

New Jersey despite the fact that the relevant contract contained a provision that "all matters"

relating to the contract "shall" be governed by New York Law.  The Circuit Court stated  that

even if they were to "follow the directive of the choice-of-law provision the claimants run into

the barrier of the authoritative determination, by the highest state court, that the New York Lien

Law, McKinney's Consol.Laws, c. 33 does not apply to improvements to real property located

outside the State of New York."   347 F.2d at 154.  The Court "refused to permit the contractual

provision to override the consideration which compelled" the decision in *Allied Thermal,*

especially since New Jersey had its own statutory scheme for the protection of owners,

contractors and subcontractors.  *Id.*

The Court does not take issue with the proposition that the law of New York governs

Plaintiff's claim for breach of contract.  However, in view of the decisions in *Allied Thermal* and

*Carrier Corp.* and the fact that Vermont has its own statutory lien scheme, *see* 9 V.S.A. § 1921

---

[4]  The Court notes that the holding in *Allied Thermal* was codified when the Lien Law
was revised in 1959 and the words "in this state" were added to § 70's definition of trusts as
funds received for the improvement of real property "in this state."  *See* Notes of Law Revision
Commission set forth following N.Y. Lien Law § 70 (McKinney's 2007).

et seq., the Court holds that New York's Lien Law is inapplicable to the present dispute. Accordingly the second and eighth causes of action which are premised on the New York Lien Law are hereby dismissed.

## Conclusion

For the reason set forth above, Plaintiffs' motion to hold Defendant in contempt and to have New York's Lien Law apply to the present dispute is denied. The second and eighth causes of action which seek relief under the New York Lien Law are dismissed.

The trial of this matter is scheduled for January 3, 2011. In connection therewith, the parties' attention is directed to Rule 6B of the Court's Individual Practice Rules which require that two weeks prior to trial the parties must file a pre-trial memorandum and in non-jury cases such as this[5] a statement indicating the elements of each claim or defense asserted as well as a summary of facts that will, if proven establish each relevant element. The parties are advised that their trial memorandum should address the viability of Plaintiffs' claims for violation of the New York General Business Law (fifth cause of action), infliction of severe emotional distress (sixth cause of action), and prima facie tort (seventh cause of action), in addition to the other matters required to be in the pre-trial memorandum.

**SO ORDERED.**

Dated: Central Islip, New York
      December 2, 2010

/s/
_____
Denis R. Hurley
Senior District Judge

---

[5] There has been no demand for a jury trial by any party to this action. Moreover, as noted in paragraph 9 of the complaint, paragraph 22 of the Contract provides that the parties waive any right to a jury trial.